# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brad Banias,<br><br>602 Rutledge Avenue<br>Charleston, South Carolina 29403<br><br>Plaintiff,<br><br>v.<br><br>U.S. Citizenship and Immigration Services,<br><br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009,<br><br>U.S. Department of Justice<br><br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530-0001<br><br>Defendants. | C/A No.: 1:25-cv-30 |

## COMPLAINT

Congress mandated federal agencies respond to requests under the Freedom of Information Act within 20 business days. Defendant U.S. Citizenship and Immigration Services knowingly defies this deadline, claiming a 10-day extension as boilerplate language in each of its initial responses. This suit is Congress's mechanism to check such conduct. For the reasons below, this Court should order Defendants to respond to Plaintiff's request and order them to pay reasonable attorney's fees to incentivize compliance with Congress's mandatory deadlines.

## PARTIES

1. Plaintiff Brad Banias is domiciled in Charleston, South Carolina.

2.      Defendant United States Citizenship and Immigration Services ("USCIS") is a federal agency within the U.S. Department of Homeland Security that enforces federal laws over immigration benefits. Defendant USCIS is the custodian of the records sought in four Freedom of Information Act ("FOIA") requests.

3.      Defendant United States Department of Justice ("DOJ") is a cabinet level federal agency. DOJ is the custodian of the records sought in seven FOIA requests.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).

5.      This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

6.      This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7.      Venue is proper in this District over all claims involving the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

8.      FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

9.      In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents. 5 U.S.C. § 552(a)(6)(A).

10.     An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

11.     The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold

under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

12. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

13. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

14. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

15. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

16. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**FACTS**

17. Plaintiff Brad Banias ("Brad") is an immigration attorney who focuses his practice on federal court immigration litigation.

18. Brad files FOIA requests to acquire information solely to provide to the immigrant community through social media. He is not compensated for making these requests, pursuing untimely responses, or filing this litigation.

19. The purpose of these requests is to acquire information to hold USCIS accountable in the public square.

20. To this end, Mr. Banias filed four FOIA requests that USCIS has, unsurprisingly, failed to respond to in a timely fashion:

*USCIS 1: Administrative Subpoenas*

21. On April 11, 2022, Mr. Banias requested the following information from USCIS:

- All training materials, policies, or guidance on the use of administrative subpoenas by immigration officers for the past five years.

- All training materials, policies, or guidance on conducting H-1B compliance visits for the past five years.

- Budget allocations for United States Citizenship and Immigration Services Fraud Detection and National Security Directorate's H-1B compliance operations for the past five years.

22. On April 11, 2022, USCIS acknowledged Mr. Banias's request and assigned it control number COW2022001908. And it invoked a 10-day extension to respond by stating:

> Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).

23. This FOIA Request has been pending with USCIS for 667-business days not counting federal holidays or weekends.

*USCIS 2: H-1B Staffing Investigations*

24. On April 11, 2022, Mr. Banias requested the following information from USCIS:

- All administrative subpoenas, "H1B Visa Verification" requests, "Company Doc Requests" or other documents issued to H1B employers or employees requesting

information that were issued by Richard Longoria (richard.l.longoria@uscis.dhs.gov) from January 1, 2017 to present;

- All document requests related to H-1B employers, employees, or applications emailed, sent, or issued by Richard Longoria (richard.l.longoria@uscis.dhs.gov) from January 1, 2017 to present;

- All emails sent or received by richard.l.longoria@uscis.dhs.gov or emails copying richard.l.longoria@uscis.dhs.gov containing any of the following search terms: "itserve" "staffing" "india"

25. On April 11, 2022, USCIS acknowledged Mr. Banias's request and assigned it control number COW2022001910. And it invoked a 10-day extension to respond by stating:

> Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).

26. This FOIA Request has been pending with USCIS for 674-business days not counting federal holidays or weekends.

*USCIS 3: Staffing Investigations*

27. On April 11, 2022, Mr. Banias requested the following information related to USCIS adjudicator Tanya Bowen.

28. On April 11, 2022, USCIS acknowledged Mr. Banias's request and assigned it control number COW2022001911. And it invoked a 10-day extension to respond by stating:

> Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the

field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).

29. This FOIA Request has been pending with USCIS for 674-business days not counting federal holidays or weekends.

*USCIS 4: Adjudicator Discipline*

30. On November 8, 2024, Mr. Banias requested the following information:

> The timeline for all the requests below are from January 1, 2023 to present: All complaints, grievances, or other written statements directed to, about, or related to immigration service officer Daniel O'Rourke who works at U.S. Citizenship and Immigration Services' Charleston Field Office. All emails, text messages, other correspondence, memorandum, or written recollection, written or electronic, to, from, copying, or blind copying immigration service officer Daniel O'Rourke who works at U.S. Citizenship and Immigration Services' Charleston Field Office with any of the following search terms: "N-648" "Banias" "Patel" "lawyer" "attorney" "complaint" "trump" "lawsuit" "suit" "court" "AILA".

31. On November 12, 2024, USCIS acknowledged Mr. Banias's request and assigned it control number COW2024008235. And it invoked a 10-day extension to respond by stating:

> Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).

32. Nevertheless, on November 15, 2024, USCIS requested "clarification" from Mr. Banias about his request. Mr. Banias responded on November 22, 2024 and "clarified" the request.

33. This FOIA Request has been pending with USCIS for 34 business days, not counting federal holidays or weekends.

*DOJ 1: Ethics Complaint*

34. On November 6, 2023, Mr. Banias requested the following information from the United States Department of Justice ("DOJ"):

> All electronic correspondence, text messages, and emails to, from, copying or blind copying Brendan Hanehan (who currently works within the United States Attorney's Office for the District of Vermont) at brendan.hanehan@usdoj.gov or any other email he uses or maintains for work purposes with any of the following terms: "banias" "brad" "pro se" "ethics" "office of disciplinary counsel"

35. On November 7, 2023, DOJ acknowledged Mr. Banias's request and assigned it control number EOUSA-2024-000282. And it invoked an indefinite extension to respond by stating:

> The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within "unusual circumstances." See 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute.

36. This FOIA Request has been pending with the DOJ for 284 business days not counting federal holidays or weekends.

*DOJ 2: Grey Case*

37. On November 4, 2023, Mr. Banias requested the following information:

> All emails, correspondence, or other communication from, to, copying, or blind copying Beth.Drake@usdoj.gov or any other email address that Beth Drake uses or used for work purposes in her position as an Assistant United States Attorney in the United States Attorney's Office for the District of South Carolina related to Grey v. Cissna, 9:18-cv-1764-DCN (D.S.C.) that uses any of the following key terms: "Fabian" "Grey" "gray" or "banias" or "brad"  (Date Range for Record Search: From 06/01/2018 To 11/04/2023)

38. On November 8, 2023, DOJ acknowledged Mr. Banias's request and assigned it control number EOUSA-2024-000275. And it invoked an indefinite extension to respond by stating:

> The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore

> falls within "unusual circumstances." See 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute.

39. This FOIA Request has been pending with DOJ for 284 business days, not counting federal holidays or weekends.

### *DOJ 3: Settlement Policy*

40. On June 1, 2023, Mr. Banias requested the following information:

> All emails, correspondence, or other communication from, to, copying, or blind copying Assistant United States Attorney Pauline Stamatelos at pstamatelos@usa.doj.gov, pauline.stamatelos@usdoj.gov, or any other email address that Pauline Stamatelos (who works in the United States Attorney's Office for the Eastern District of New York) uses or used for work purposes that uses any of the following key terms: "banias" or "brad" or any email related to Hasou v. Kendall, No. 1:20-cv-4516 (EDNY)--where Brad Banias is attorney of record-- using the terms: "moot" "mooted" (Date Range for Record Search: From 04/01/2022 To 06/01/2023)

41. On June 7, 2023, DOJ acknowledged Mr. Banias's request and assigned it control number EOUSA-2023-002292. And it invoked an indefinite extension to respond by stating:

> The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within "unusual circumstances." See 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute.

42. This FOIA Request has been pending with DOJ for 392 business days, not counting federal holidays or weekends.

### *DOJ 4: Workload Management*

43. On May 25, 2023, Mr. Banias requested the following information:

> All emails, correspondence, or any other communication related to how to deal with the surge of immigration mandamus or immigration unreasonable delay litigation; All notes from meetings, complaints, reports, or other recorded recollections related to the United States Attorney's Office working with the Civil Division's Office of Immigration Litigation's District Court Section to handle immigration litigation; As

> I understand it, various United States Attorney's Offices--specifically the United States Attorneys Office for the District of Columbia--have held meetings with the Justice Department's front office to discuss questions and concerns related to OIL-DCS's handling of litigation in their districts. I am seeking all emails and documents related to these communications and meetings. (Date Range for Record Search: From 01/01/2020 To 05/25/2023)

44. DOJ acknowledged Mr. Banias's request and assigned it control number EOUSA-2023-002171. And it invoked an indefinite extension to respond by stating:

> The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within "unusual circumstances." See 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute.

45. This FOIA Request has been pending with DOJ for 396 business days not counting federal holidays or weekends.

### *DOJ 5: Waiting List Parole*

46. On November 4, 2023, Mr. Banias requested the following information:

> All emails, correspondence, or other communication from, to, copying, or blind copying Assistant United States Attorney Martin Holmes at martin.holmes@usdoj.gov or any other email address that Martin Holmes (who works in the United States Attorney's Office for the District of South Carolina) uses or used for work purposes that contains the term "banias" or "brad" or any email related to Soomro v. Jaddou, 2:21-cv-03042-BHH--where Brad Banias is attorney of record--using the terms: "Form I-131" "application" "parole" "sanction" "dismiss" "exhaust" "exhaustion" (Date Range for Record Search: From 09/21/2021 To 11/04/2023)

47. DOJ acknowledged Mr. Banias's request and assigned it control number EOUSA-2024-000274. And it invoked an indefinite extension to respond by stating:

> The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within "unusual circumstances." See 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute.

48. This FOIA Request has been pending with DOJ for 284 business days not counting federal holidays or weekends.

*DOJ 6: Potential Misrepresentations*

49. On August 23, 2024, Mr. Banias requested the following information:

> all emails to, from, copying, or blind copying the email address alessandra.faso@usdoj.gov with the word "Thigulla" anywhere in the email from March 1, 2024 to present.

50. DOJ acknowledged Mr. Banias's request and assigned it control number 145-FOI-20574. And it invoked an indefinite extension to respond by stating:

> The records you seek require a search in another Office of the Civil Division, and so your request falls within "unusual circumstances." *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. We have not yet completed a search to determine whether there are records within the scope of your request

51. This FOIA Request has been pending with DOJ for 87 business days not counting federal holidays or weekends.

*DOJ 7: Potential Retaliation*

52. On November 6, 2023, Mr. Banias requested the following information:

> records concerning emails to and from tia.hockenberry@usdoj.gov with any of the listed terms related to *Mir v. Jaddou*, 4:23-cv-03046-JFB-MDN (D. Neb.) from March 1, 2023 to November 15, 2023.

53. On November 29, 2023, DOJ acknowledged Mr. Banias's request and assigned it control number 145-FOI-20574. And it invoked an indefinite extension to respond by stating:

> The records you seek require a search in another Office of the Civil Division, and so your request falls within "unusual circumstances." *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. We have not yet completed a search to determine whether there are records within the scope of your request

54. This FOIA Request has been pending with DOJ for 284 business days not counting federal holidays or weekends.

### FIRST CAUSE OF ACTION
### (USCIS - Failure to Respond to Request Within Statutory Timeframe)

55. Plaintiff filed four FOIA Requests with USCIS on the following dates:

| Filing Date | Control Number | Business Days Pending |
| --- | --- | --- |
| May 25, 2023 | COW2022001908 | 667 |
| May 25, 2023 | COW2022001910 | 674 |
| August 23, 2024 | COW2022001911 | 674 |
| November 6, 2023 | COW2024008235 | 34 |

56. USCIS has unlawfully withheld all requested documents. 5 U.S.C. § 552(a)(6)(A)(i).

57. Plaintiff is entitled to an order compelling USCIS to provide all of the requested documents for all four requests. 5 U.S.C. § 552(a)(4)(B).

58. Plaintiff is entitled to reasonable attorney's fees and costs even if USCIS settles this claim by producing the documents during litigation. 5 U.S.C. § 552(a)(4)(E)(i).

### SECOND CAUSE OF ACTION
### (USCIS - Failure to Produce Responsive Records)

59. USCIS failed to make reasonable efforts to search for records responsive to the four requests identified above, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

60. USCIS failed to disclose and produce any records responsive to the four requests, in violation of the Plaintiff's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

61. USCIS failed to disclose and produce any records responsive to the requests without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

62.     The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## THIRD CAUSE OF ACTION
### (DOJ - Failure to Respond to Request Within Statutory Timeframe)

63.     Plaintiff filed seven FOIA Requests with the DOJ on the following dates:

| Filing Date | Control Number | Business Days Pending |
| --- | --- | --- |
| November 6, 2023 | EOUSA-2024-000282 | 284 |
| November 4, 2023 | EOUSA-2024-000275 | 284 |
| June 1, 2023 | EOUSA-2023-002292 | 392 |
| May 25, 2023 | EOUSA-2023-002171 | 396 |
| November 4, 2023 | EOUSA-2024-000274 | 284 |
| August 23, 2024 | 145-FOI-20574 | 87 |
| November 6, 2023 | 145-FOI-20574 | 284 |

64.     DOJ has unlawfully withheld all requested documents. 5 U.S.C. § 552(a)(6)(A)(i).

65.     Plaintiff is entitled to an order compelling DOJ to provide all of the requested documents for all four requests. 5 U.S.C. § 552(a)(4)(B).

66.     Plaintiff is entitled to reasonable attorney's fees and costs even if DOJ settles this claim by producing the documents during litigation. 5 U.S.C. § 552(a)(4)(E)(i).

## FOURTH CAUSE OF ACTION
### (DOJ - Failure to Produce Responsive Records)

67.     DOJ failed to make reasonable efforts to search for records responsive to the seven requests identified above, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

68.     DOJ failed to disclose and produce any records responsive to the four requests, in violation of the Plaintiff's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

69.     DOJ failed to disclose and produce any records responsive to the requests without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§

552(a)(3)(A) and (6)(A).

70.     The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

71.     Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

72.     Find that USCIS's and DOJ's failures to respond or disclose records timely was unlawful;

73.     Order USCIS and DOJ to search for and promptly disclose all records responsive to the Plaintiff's requests; and

74.     Award the Plaintiff's attorneys' fees and costs.

January 6, 2025                                         Respectfully submitted,

                                                        s/Steven A. Brown
                                                        STEVEN A. BROWN
                                                        REDDY NEUMANN BROWN PC
                                                        10333 Richmond Avenue, Suite 1050
                                                        HOUSTON, TX 77042
                                                        (713) 429-4793 Voice
                                                        (713) 953-7797 Fax
                                                        steven@rnlawgroup.com
                                                        TXB 24091928 DDC TX0167

                                                        *Attorney for Plaintiff*